UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2969 CAS (RZx) | Date | April 24, 2012 |
|---|---|---|---|
| Title | JOSE PINO v. AMERICOLD LOGISTICS, LLC | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | N/A | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**     (In Chambers:) ORDER TO SHOW CAUSE REGARDING WHY ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION

## I.  INTRODUCTION & BACKGROUND

On January 1, 2012, plaintiff Jose Pino filed the instant action in Los Angeles County Superior Court against his employer, Americold Logistics, LLC ("Americold"), and Does 1–25, alleging: (1) retaliation for refusing to participate in illegal activities in violation of Cal. Labor Code § 1102.5 and (2) wrongful termination in violation of public policy. The gravamen of plaintiff's complaint is that he was unlawfully terminated when he complained of and refused to participate in defendant's food storage practices that endangered the public health. Compl. ¶¶ 4–11. The complaint is silent as to the amount-in-controversy.

Defendant removed to this Court on April 4, 2012, on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a). Defendant asserts that jurisdiction is proper because complete diversity of citizenship exists and because plaintiff could potentially recover as much as $144,000 in unmitigated lost wages by the time of trial. Notice of Removal ¶ 14.

## II.  LEGAL STANDARD

Courts in the Ninth Circuit strictly construe the removal statute against removal jurisdiction. Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). Removal founded on diversity requires that the parties be in complete diversity and that the amount-in-controversy exceed $75,000. See Matheson v. Progressive Speciality Ins. Co., 319 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2969 CAS (RZx) | Date | April 24, 2012 |
|---|---|---|---|
| Title | JOSE PINO v. AMERICOLD LOGISTICS, LLC | | |

1089, 1090 (9th Cir. 2003); 28 U.S.C. § 1332(a)(1).  "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold" required for subject matter jurisdiction.[1]  Id.  Conclusory allegations are insufficient.  Id. at 1091.

### III.   DISCUSSION

Plaintiff does not specify an amount of damages; instead, the complaint requests compensatory damages, including lost income and other general damages, punitive

---

[1] The 9th Circuit's requirement—that a removing party prove the amount in controversy by a preponderance of the evidence when the complaint is silent as to the amount sought—appears to have been recently reaffirmed by Congress.  Revised 28 U.S.C. § 1446(c), which came into effect January 6, 2012, now provides:

> (2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that–
>
> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks–
> (i) nonmonetary relief; or
> (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>
> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

The revised law thus requires defendants to prove the amount-in-controversy by a preponderance of the evidence in situations where a plaintiff's demanded amount is uncertain and is in accordance with Ninth Circuit law.  See Matheson, 319 F.3d at 1090.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2969 CAS (RZx) | Date | April 24, 2012 |
|---|---|---|---|
| Title | JOSE PINO v. AMERICOLD LOGISTICS, LLC | | |

damages, and attorneys' fees and costs.  Compl. ¶¶ 17–21, 24–26; Prayer for Relief.

Defendant asserts that the amount in controversy is met because plaintiff's alleged lost wages and benefits could already amount to $86,000 and will amount to roughly $144,000 by the time of trial.  Notice of Removal ¶ 14.  Defendant further argues that the punitive damages, emotional distress damages, and attorneys' fees would further exceed the minimum.  Id. ¶¶ 15–17.

The Court is unpersuaded that defendant has carried its burden of proving by a preponderance of the evidence that the amount-in-controversy exceeds $75,000.  See Matheson, 319 F.3d at 1090.  Although defendant provides evidence that it is possible that plaintiff's claims could exceed $75,000, defendant fails to demonstrate, using non-speculative evidence, that it is more likely than not that damages will exceed $75,000.  Gaus, 980 F.2d at 567.  Accordingly, the Court cannot conclude by a preponderance of the evidence that the amount-in-controversy exceeds $75,000.  See id.; Matheson, 319 F.3d at 1090.

**IV.   CONCLUSION**

Based on the foregoing, defendant is hereby ORDERED to SHOW CAUSE on or before May 14, 2012, why the instant action should not be remanded for lack of subject matter jurisdiction.

IT IS SO ORDERED.

|  | : |  |
|---|---|---|
| Initials of Preparer | IM | |